# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| YOOSUF MOMENT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DUBUQUE COUNTY JAIL, JOSEPH KENNEDY, SHEA CHAPIN, and DAVID RINIKER,<br><br>　　　　Defendants. | No. C19-1040-LTS<br><br><br>**MEMORANDUM OPINION AND ORDER** |

　　　　This matter is before me pursuant to a pro se 42 U.S.C. § 1983 complaint (Doc. No. 1)[1] and pro se motion to proceed in forma pauperis (Doc. No. 2) filed by plaintiff Yossuf Moment.[2]

## I.　　APPLICATION TO PROCEED IN FORMA PAUPERIS

　　　　Plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint,

---

[1] Plaintiff characterizes his case as a "class action suit[]." However, there is no indication why plaintiff believes his claims could represent those of a class and he has not alleged anything to suggest this case could meet the requirements of Fed. R. Civ. P. 23(a)-(b). Accordingly, I decline to consider plaintiff's complaint (Doc. No. 1) a request for class certification.

[2] Moment has recently filed several cases in this court. *See* C19-1029-LTS, Doc. No. 12 (listing Moment's then-pending cases).

obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2).

Moment, an inmate at the Dubuque County Jail, has submitted documents (Doc. No. 2) that substantially comply with those requirements. Because it is clear that he does not have the assets necessary to pay the filing fee, his application is **granted**.

However, even though the court deems it appropriate to grant a prisoner-plaintiff in forma pauperis status, that plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must pay an initial partial filing fee in the amount of twenty percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that plaintiff submitted, the court finds that initial partial filing fee is $73.68. *See* Doc. No. 2. Plaintiff shall submit $73.68 by no later than thirty days from the date of this order. If the court does not receive payment by this deadline, the instant action shall be dismissed pursuant to Fed. R. Civ. P. 41(b) (permitting dismissal when a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259–60 (8th Cir. 1997) (explaining court's power to dismiss an action). If necessary, plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28

U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically:

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where plaintiff is an inmate.

## II. INITIAL REVIEW STANDARD

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1) (requiring the Court to do an initial review of prisoner complaints).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts

3

generally rely on the standards articulated pursuant to Federal Rule of Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *Id.* at 555., or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III. INITIAL REVIEW ANALYSIS

#### A. *§ 1983 Standard*

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

§ 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42

4

U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claim

Moment's claim is that he was inappropriately charged the costs associated with his incarceration. Because I must liberally construe a pro se complaint, I interpret his allegation to be that he was charged costs associated with his confinement without due process of law. He attached to his motion an exhibit (Doc. No. 1 at 14), which is titled "County Prisoners – Room and Board Fees." That document states that pursuant to Iowa Code § 356.7, he was charged $850 by the Dubuque County Sheriff on November 14, 2019.[3]

Costs associated with Iowa Code § 356.7 can be imposed either as restitution as part of a criminal judgement or as a separate judgement. *State v. Abrahamson*, 696 N.W.2d 589, 591 (Iowa 2005). There is currently an open question whether the later

---

[3] All though it is not clear from Moment's pleadings, it seems he is currently incarcerated pursuant to a state court parole violation. *See* C19-1036-LTS, Doc. No. 4, at 12, stating:

> Moment states he was found not guilty in case State v. Moment, 01311 FECR 134192 (Dubuque County, Iowa 2019) in September of 2019. That appears to be true. However, on the first page of his petition, Moment also states he was found not guilty in *State v. Moment*, 01311 AGCR 131478 (Dubuque County, Iowa 2019). A review of the relevant publicly available state court records reveals that Moment pleaded guilty in that case in April 2019, and is currently incarcerated on a probation violation from that case.

5

process, a judgment initiated by a county sheriff, runs afoul of due process, at least under the Iowa Constitution, if the process used does not consider the inmates ability to pay the judgment. *See State v. Gross*, --- N.W.2d ----, 2019 WL 6040803, at *8 (Iowa 2019), where the Iowa Supreme Court considered a case in which an inmate contested a § 356.7 claim and stated:

> In the past, we have recognized that "reasonable ability to pay is a constitutional prerequisite for a criminal restitution order such as that provided by Iowa Code chapter 910." *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). This case, as we have held, involves an order with the effect of a civil judgment and not a criminal restitution order. Gross does not contend that a civil judgment is subject to the same constitutional constraints. We leave those issues as well to another case and another day.
>
> We also do not resolve additional issues that may be presented when the sheriff seeks recovery of jail fees without bringing a separate civil action and without including those fees in restitution. Must the defendant be served "in any mode provided in this Code other than by publication"? Iowa Code § 624.22. How is the entry of the award recorded in the court docket? *See id.* § 602.8104(2)(b) (discussing the judgment docket). Under section 602.8107(1)(a), it appears that fees "charged under section 356.7" would be considered "court debt" whether imposed as part of restitution or otherwise. *Id.* § 602.8107(1)(a). If so, this means they would be "owed and payable to the clerk of the district court." *Id.* § 602.8107(2). But in that event, how is restitution court debt tracked separately from nonrestitution court debt?

Based on the unsettled nature of the law regarding this issue, it is plausible that Moment has alleged a due process claim.[4]

---

[4] Orders that require inmates to pay the costs of confinement are a frequent issue in § 1983 suits. *See e.g., Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000); *Shinault v. Hawks*, 782 F.3d 1053, 1059 (9th Cir. 2015). Such cases almost always turn on the state's statutory scheme, the institution or state court's process of accessing fees and the procedure available to contest the assessment of fees/costs. The Eighth Circuit has previously found that Iowa's scheme comported with due process when an Iowa state court ordered an inmate to pay court costs as part of a criminal restitution order under Iowa Code § 910. *See Mahers v. Halford*,

Before a prisoner can maintain a 42 U.S.C. § 1983 action, the prisoner must exhaust the administrative remedies available regarding that claim. *See* 42 U.S.C. § 1997e. In his complaint, Moment makes conflicting statements about whether or not he exhausted his administrative remedies. He checked the box stating he did not file a grievance. Doc. No. 1 at 9. However, he later states he filed a grievance at the "Dubuque County Jail" and was "placed in the hole" because of it. *Id.*, 9-10. Because I am not able to determine whether Moment has exhausted his administrative remedies, I will direct that the complaint be served.[5]

## IV. CONCLUSION

For the reasons set forth herein:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is **granted**.
2. The Clerk of Court's Office shall docket the complaint (Doc. No. 1) without the prepayment of fees.
3. Plaintiff is directed to submit an initial partial filing of $73.68 by no later than thirty days from the date of this order. If necessary, he may request in a written motion an extension of time to pay the initial partial filing fee.

---

76 F.3d 951, 955 (8th Cir. 1996). However, no federal case appears to have considered the question of whether a sheriff-initiated judgment under Iowa Code § 356.7 comports with due process.

[5] Moment also included a state court order seemingly setting a hearing on the issue of assessment of costs, and specifically noted that costs were assessed pursuant to a separate judgment and cited the *Abrahamson* case discussed above. Regardless of whether Moment prevailed in that hearing, there is virtually no chance Moment has exhausted the state judicial process. However, while the state court process is relevant to the question of whether this issue is ripe, it is not relevant to the issue of exhaustion. *See Minter v. Bartruff*, 939 F.3d 925, 928 (8th Cir. 2019), stating, "requiring exhaustion of state judicial remedies under § 1997e(a) would modify the well-established principle that exhaustion of state remedies 'is not a prerequisite to an action under § 1983,' even an action by a state prisoner. *Patsy v. Bd. of Regents of Fla.*, 457 U.S. 496, 501, 507, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982)." Accordingly, that issue is best left for a dispositive motion.

7

Additionally, after he pays the initial partial filing fee, the institution having custody of him is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, he is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

4. The Clerk of Court's Office is directed to send a copy of this order and the notice of collection of the filing fee to the appropriate official at the place where plaintiff is an inmate.

5. The Clerk of Court's Office is directed to serve, via certified mail, the complaint, a copy of this order and a waiver of service of summons form on defendants c/o the Dubuque County Attorney's Office.[6]

**IT IS SO ORDERED.**

**DATED** this 6th day of December, 2019.

Leonard T. Strand, Chief Judge

---

[6] The Clerk of Court's Office is directed to send one certified package to the Dubuque County Attorney's Office with copies for each defendant.

TO: **WARDEN/ADMINISTRATOR**
Dubuque Law Enforcement Center, Dubuque Iowa

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Yoosuf Moment, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Moment v. Dubuque County Jail, et al.*, C19-1040-LTS. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's statements, the court has assessed an initial partial filing fee of $73.68, which the inmate must pay now to the clerk of court. *See* 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after plaintiff pays the initial partial filing fee of $73.68, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed. If plaintiff has been relocated to a different institution, please forward this Order and Notice to the institution having custody of him. Any institution having custody of plaintiff shall collect and remit the filing fee as set forth above.

/s/ kms
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa

# NOTICE OF LAWSUIT,
## and REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO THE NAMED DEFENDANTS IN THE FOLLOWING CAPTIONED ACTION:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| YOOSUF MOMENT,<br><br>    Plaintiff,<br><br>vs.<br><br>DUBUQUE COUNTY JAIL, et al.,<br><br>    Defendants. | No. C19-1040-LTS |

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

    Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date:

    I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this __December 6__, 2019.

                                                                          /s/ kms
                                                      Signature (Clerk's Office Official)
                                                      Northern District of Iowa

## ACKNOWLEDGMENT OF RECEIPT OF NOTICE OF LAWSUIT, and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after December 6, 2019, to the United States Clerk's Office in the envelope provided.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

YOOSUF MOMENT,

    Plaintiff,

vs.

DUBUQUE COUNTY JAIL, et al.,

    Defendants.

No. C19-1040-LTS

I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after December 6, 2019, (the date Notice, Waiver and corresponding documents were sent).

11

Date _____  Signature _____
                    Printed name _____
                    As _____ of _____
                        (Title)         (Entity)

Date _____  Signature _____
                    Printed name _____
                    As _____ of _____
                        (Title)         (Entity)

Date _____  Signature _____
                    Printed name _____
                    As _____ of _____
                        (Title)         (Entity)

Date _____  Signature _____
                    Printed name _____
                    As _____ of _____
                        (Title)         (Entity)

**Address Form**

Case Number: 19-CV-1040-LTS          Date: 12/6/2019

To:   Clerk of Court
RE:   Service on Named Defendants
ALL DEFENDANTS
℅ Dubuque County Attorney's Office
720 Central Avenue
Dubuque, IA 52001